IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WALTER STEVE WILSON, JR., ) | |
|     Petitioner, ) | Civil Action No. 7:08-cv-000206 |
| ) | |
| ) | MEMORANDUM OPINION |
| v. ) | |
| ) | By:  Hon. Jackson L. Kiser |
| ) |        Senior United States District Judge |
| STATE OF VIRGINIA, ) | |
|     Respondent. ) | |

Petitioner Walter Steve Wilson, Jr., a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Wilson challenges the validity of his March 27, 2006 conviction in the Bristol Circuit Court for malicious wounding, in violation of Virginia Code § 18.2-51. Wilson first alleges ineffective assistance of counsel, alleging that trial counsel "did not present a good case for" him and documenting several instances of counsel's omissions during the jury trial. (Pet. at 6.) Wilson further alleges a myriad of Due Process complaints. Upon consideration of the petition, I am of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies or if the petition presents a mixture of claims that are exhausted and unexhausted before the state courts, the federal court must dismiss the petition. Rose v. Lundy, 455 U.S. 509 (1982); Slayton v. Smith, 404 U.S. 53 (1971). This principle protects the petitioner from the long-standing

limitations on successive petitions by allowing the petitioner to attempt exhaustion of state court remedies of the unexhausted claims so that he may later seek federal review of all claims in a single petition, once all claims are exhausted. Id.; 28 U.S.C. §2244(b). A habeas petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies does not qualify as a "second or successive" application within the meaning of § 2244(b)(1). See Slack v. McDaniel, 529 U.S. 473 (2000).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. See Va. Code. § 8.01-654. A non-death row felon in Virginia can exhaust the state remedies in one of three ways, depending on the nature of the claims raised. First, the inmate can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him/her. See Va. Code §§ 17.1-406(A) and 411. Second, the inmate can attack the conviction collaterally by filing a state habeas petition with the circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code § 8.01-654(A); Va. Code §§ 17.1-406(B) and 411. Finally, the inmate can exhaust the remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va. Code § 8.01-654(A). Whichever route the inmate chooses to follow, it is clear that the inmate ultimately must present his/her claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, the petition clearly shows that Wilson has not presented all of his claims to the Supreme Court of Virginia as required. Wilson does allege that he presented his Due Process claims

to the Supreme Court of Virginia during his direct appeal; however, Wilson's ineffective assistance of counsel claims could not have been exhausted in his direct appeal proceedings and Wilson admits that he has not filed a state habeas petition in either the Bristol Circuit Court or the Supreme Court of Virginia. See Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001) (claims raising ineffective assistance of counsel in a Virginia criminal case must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal). Thus, it is clear that Wilson's petition presents a mixture of claims that are exhausted and unexhausted and, accordingly, must be summarily dismissed without prejudice.[1] An appropriate final Order will be entered this day.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and final Order to petitioner.

ENTER:    This 3rd day of March, 2008.

*Jackson L. Kiser*
Senior United States District Judge

---

[1] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).